VAN DAMM v. VAN DAMM et al.

(Supreme Court, Appellate Term, First Department. April 10, 1913.)

PARTNERSHIP (§ 245*)—INTEREST OF PARTNERS IN FIRM PROPERTY.

Where a partnership agreement provided that one of the partners should furnish the partnership office and should own all the furniture in his own right, his executrix, after the partnership business had been wound up, was entitled to recover the possession of such furniture from the other partners, although a subsequent partnership agreement said nothing about the furniture.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 514–518; Dec. Dig. § 245.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Heloise F. Van Damm, as executrix of Joseph B. Van Damm, against Albert Van Damm and others, for the possession of certain chattels. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1913, before LEHMAN, GERARD, and DELANY, JJ.

George C. O'Brien, of New York City, for appellant.

Charles H. Smith, of New York City, for respondents Raphael and Rebecca Van Damm.

Raphael Van Damm, of New York City, for respondent Albert Van Damm.

GERARD, J. This action was brought in replevin to recover certain chattels. The deceased husband of the plaintiff, Joseph B. Van Damm, received a devise from his business associate, Edward C. Oppenheim, of certain furniture in the offices at 320 Broadway. Joseph B. Van Damm entered into a copartnership agreement with his brother, the defendant Albert Van Damm, in which it was provided that Joseph B. Van Damm, as party of the first part, was to "accept the said party of the second part into the said business, the party of the first part to furnish the office at the above address and to own all such furniture in his own right." Subsequently a second agreement was entered into in which nothing was said about the furniture. It is quite evident, therefore, that the office furniture was the property of Joseph B. Van Damm, who, at his decease, left the plaintiff in this action as his sole legatee and executrix.

Albert Van Damm testified that, when his brother Joseph died, "the business had practically been wound up; it was wound up at the time of his death;" and the defendant Albert Van Damm, after the death of his brother, filed a certificate in the county clerk's office certifying that he was transacting the business carried on in these offices under the name of Edward C. Oppenheim. Plaintiff testified to having made due demand. It was not denied that the plaintiff demanded these chattels of Albert Van Damm prior to the levying of the writ, and it therefore seems to me that the plaintiff was entitled as executrix to the possession of these chattels in the office.

As to the other chattels levied upon, which were in the house No. 434 East 134th street, there seems to me no reason for disturbing the finding of fact of the court below. These chattels consisted of certain articles of furniture, and there was testimony given by the Van Damm family that Joseph B. Van Damm, when about to be carried to the hospital, gave these chattels to his mother.

The plaintiff appellant claims that this is a "case where the whole family concerted and co-operated together in depriving the surviving wife of substantially every chattel to which she was entitled." This hardly seems a fair statement, in view of the fact that the defendant Raphael Van Damm both drew and witnessed the will of his son Joseph, by which Joseph left all his property to his wife, under which will,

it was stated by counsel and not denied, a comparatively large sum of money was devised to the plaintiff.

It is claimed by defendants that there was a misjoinder, because Albert Van Damm had no possession of the chattels in the house in 134th street, and the defendants Raphael and Rebecca had no possession or made no claim to the chattels in the Broadway office. I think that substantial justice will be done by granting a new trial.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.